UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO OCHOA-GONZALEZ, A-078-181-559,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-cv-3181-DJC-ICD-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding with appointed counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement (ICE). ECF No. 1. Respondents filed an answer (ECF No. 11), and Petitioner filed a reply. ECF No. 12. For the following reasons, the undersigned recommends that the petition be denied without prejudice.

**I. BACKGROUND**

Petitioner was born in Mexico, entered the United States in 2001, and was ordered removed on October 9, 2001. ECF No. 1 at 2. Petitioner contends his real name is Carlos Juvenal Jimenez-Ramos (A-093-244-157), but his initial removal order was processed under the name Francisco Ochoa-Gonzalez (A-078-181-559). Id. at 2, 7. At some point, he re-entered the United States. In March 2026, he was detained and served with a Form I-871 (Notice of Intent/Decision to Reinstate Prior Order) and a Form I-205 (Warrant of Removal) when appearing for a biometrics appointment in relation to his pending U-visa application. Id. at 2; ECF No. 11, Exs. 1, 3, 4.

Respondents argue that "due process for aliens who illegally re-enter the United States after being removed pursuant to a removal order is spelled out in statute and regulations; these

aliens may be removed under the same order via its reinstatement. 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8 (2026)," ECF No. 11 at 2–3, and that Petitioner is being detained under 8 U.S.C. § 1231(a)(6). Id. at 3.

Petitioner asserts that his detention violates his statutory and due process rights. He seeks a hearing before an immigration judge (IJ) or, if such a hearing is not provided, immediate release and an order enjoining and restraining his future detention absent a pre-deprivation hearing. ECF No. 1 at 26–29 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)). Following the appointment of counsel, Petitioner filed a reply arguing "that an individual detained under § 1231(a)(6) is entitled to a bond hearing before a neutral decisionmaker when his detention becomes prolonged." ECF No. 12 at 4 (citing Diouf v. Napolitano, 634 F.3d 1081 (9th Cir. 2011)). Additionally, Petitioner argues that, as a "cooperating crime victim [] taken into custody at the very USCIS appointment designed to advance his protective application only underscores the point: his physical detention is doing no work to advance an actual removal that the Government has taken no concrete step to carry out." Id. at 6.

Although ICE's "Online Detainee Locator System" webpage, available at https://locator.ice.gov/ (last visited Sep. 24, 2026), indicates that Petitioner no longer remains in immigration detention, Respondents inform the Court that Petitioner remains in custody while his motions to stay removal are adjudicated by the Ninth Circuit. ECF No. 17, Ex. 1.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

## III. DISCUSSION

### A. Detention Authority

The most important consideration in determining whether immigration detention is

mandatory or discretionary, and the process afforded to the detainee to challenge such detention, is the specific statute and section under which the individual falls. See Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Pursuant to § 1231, "[d]uring the removal period, the Attorney General shall detain the alien." § 1231(a)(2)(A). The removal period begins on the latest of the following:

> (i)The date the order of removal becomes administratively final.
> (ii)If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii)If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

§ 1231(a)(1)(B).

An order of removal "may not be executed . . . while an appeal is pending." § 1003.6(a). As to authority to detain the noncitizen following a timely appeal, the Ninth Circuit held: "§ 1231(a) does not provide authority to detain an alien whose removal order is administratively final, but whose removal has been stayed by a court of appeals pending its disposition of his petition for review. Such aliens may be detained, however, pursuant to § 1226(a) . . ." Prieto-Romero, 534 F.3d at 1059.

Petitioner is subject to a final order of removal and Petitioner moved for a stay of removal with petitions for review in the Ninth Circuit. ECF No. 17. The undersigned finds that at least until the motion for a stay of removal is adjudicated by the Circuit Court, Petitioner's detention is pursuant to § 1231(a).

**B. Statutory Claims**

If a noncitizen who is removed from the United States pursuant to a final order of removal reenters the country without authorization, they "shall be removed from the United States by reinstating the prior order." 8 C.F.R. § 241.8(a). In order to reinstate the prior order, an immigration officer must establish that the noncitizen (1) has been subject to a final order of removal; (2) is the individual that was previously removed pursuant to that final order of removal; and (3) unlawfully reentered the United States. See id. The officer must provide the noncitizen notice of their determination and allow the noncitizen to make a statement and the officer "shall

consider whether the alien's statement warrants reconsideration of the determination." 8 C.F.R. § 241.8(b). If the noncitizen expresses fear of being returning to the country identified in their removal order, an asylum officer must interview the noncitizen to determine if they have "a reasonable fear of persecution or torture pursuant to § 208.31 of this chapter." 8 C.F.R. § 241.8(e).

Respondents contend that Petitioner has been provided the procedural protections afforded by 8 C.F.R. § 241.8. ECF No. 11 at 2-3. Respondents provide the following documents dated March 23, 2026, which identify Petitioner with both names and A-numbers: a "Record of Deportable/Inadmissible Alien," Form I-213, and a "Notice of Intent/Decision to Reinstate Prior Order." ECF Nos. 11-1, 11-3. The Form I-213 shows that a deportation officer identified Petitioner as having been removed subject to a final order of removal, that he re-entered the country without authorization, and expressed a fear of returning to Mexico. ECF No. 11, Ex. 2. The document is signed by "Carlos Jimenez." ECF No. 11, Ex 3.

On April 17, 2026, an asylum officer determined Petitioner had not established a reasonable fear of persecution or torture pursuant to 8 CFR 208.31. ECF No. 11, Ex 5. That determination was reviewed by an IJ on April 24, 2026, who denied Petitioner's request for a continuance, citing Orozco-Lopez v. Garland, 11 F.4th 764, 778 (9th Cir. 2021). ECF No. 11, Ex. 6. The IJ affirmed the determination, finding that Petitioner "ha[d] not established a reasonable possibility of showing that he suffered past persecution because of a protected ground or past torture. With regards to future harm, the Court finds [Petitioner's] fear of future harm to be exceedingly speculative." Id. Based on the documents provided, the undersigned finds that Petitioner was provided with the process afforded by 8 C.F.R. § 241.8, including notice.

Petitioner was detained on March 23, 2026, and his removal period therefore concluded June 21, 2026. However, Petitioner is subject to detention pursuant to § 1231(a)(6). Thus, his continued detention is authorized by statute. Given Petitioner is subject to a final order of removal and the statute authorizes his continued detention beyond the removal period, the undersigned finds that Petitioner's detention does not violate the INA and recommends Petitioner's statutory claim be denied.

**C. Prolonged Detention**

Next, the Court must consider whether such detention violates Petitioner's due process rights pursuant to Zadvydas. Although there is no explicit statutory limit to the period for which a noncitizen may be detained following the removal period, in Zadvydas the Supreme Court noted that a "statute permitting indefinite detention of an alien would raise a serious constitutional problem" under the Fifth Amendment Due Process Clause. Zadvydas, 533 U.S. at 690. Accordingly, the Supreme Court held that after a presumptively reasonable six-month period of post-removal period detention,

> once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id. at 701.

Petitioner argues that "there is no clear indication that ICE will remove Petitioner in the reasonabl[y] foreseeable future nor can it provide such an indication . . . Further there is no indication from any Embassy or Consulate that travel documents would be issued for Petitioner." ECF No. 1 at 28. Respondents concede that Petitioner remains eligible for a U-Visa. ECF No. 11, p. 2 ("As far as U-visa applications go, the U visa is a benefit that may be conferred even if the applicant is removed from the United States."). To the extent that Petitioner argues his eligibility for a U-visa establishes that Petitioner's removal is not significantly likely in the reasonably foreseeable future, consideration of this argument is premature.

Finally, Petitioner contends that he is entitled to an individualized bond hearing because his detention has become prolonged. ECF No. 12 at 4 (citing Diouf, 634 F.3d at 1091–92). In Diouf, the Ninth Circuit concluded that detention becomes prolonged when a noncitizen has been detained for six months and the detention authority allows for another year of detention. Id. at 1091 ("When the 180-day review takes place, the alien has been detained for approximately six months and the review, if unfavorable to the alien, authorizes detention for an additional year. At

this point, the alien's continuing detention becomes prolonged."). Petitioner has been detained for a little over six months, but Petitioner cites no statutory authority which would allow Respondents to continue to detain him for another year. Thus, Petitioner is not entitled to relief pursuant to Diouf. Accordingly, the undersigned recommends that Petitioner's due process claim be denied, without prejudice.

## III. CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that the Amended Petition for a Writ of Habeas Corpus (ECF No. 15) be DENIED WITHOUT PREJUDICE

These findings and recommendations are submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). Within **seven (7) days** after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 1, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE